IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTORIA YVONNE BENAVIDEZ,

        Plaintiff,

vs.                                                          CIV NO. 09-0621 CG

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,

        Defendant.

## ORDER GRANTING APPLICATION FOR ATTORNEY FEES

**THIS MATTER** comes before the Court on Plaintiff's *Motion for an Order Authorizing Attorney Fees, with Supporting Memorandum*, filed on January 3, 2013, (Doc. 27), and Defendant's Response to Plaintiff's Motion for an Order Authorizing Attorney Fees, filed on January 18, 2013, (Doc. 28). Defendant declined to take a position with regard to the reasonableness of the requested award. (Doc. 28). Plaintiff's attorney, Gary Martone, moves the Court for an order authorizing attorney fees in the amount of $10,900.00 for legal services rendered before this Court. (Doc. 27 at 1). Having reviewed the parties' filings, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiff's motion is well-taken and should be **GRANTED**.

    **I.**        **Procedural Background**

Plaintiff instituted an action in this Court in June of 2009 seeking judicial review of Defendant's denial of his application for Social Security disability benefits. (Doc. 1). In November of 2009, Plaintiff filed his *Motion to Reverse or Remand for a Hearing with Supporting Memorandum*. (Doc. 16). This Court granted Plaintiff's Motion and

remanded the case to the Commissioner for further proceedings in June 2010. (Doc. 22). Following the remand, Plaintiff filed a motion seeking fees to pay her attorney pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $3,989.70. (Doc. 24). That motion was granted on August 31, 2010. (Doc. 26).

Upon remand, the Social Security Administration found Plaintiff to be disabled and entered a fully favorable decision on June 29, 2012. (Doc. 27-1 at 6, 12). Plaintiff was notified on October 7, 2012, that the Social Security Administration had determined that she was entitled to past-due benefits, but was withholding twenty-five percent of those benefits, $23,596.25, in order to pay Plaintiff's attorney. (Doc. 27-2 at 1).[1] Mr. Martone now seeks authorization from this Court to receive $10,900.00 to compensate him for his legal services. (Doc. 27 at 1-2). Mr. Martone has documented 21.8 hours of legal work in an affidavit attached to Plaintiff's motion. (Doc. 27-4 at 2-4).

**II.    Analysis**

When a court renders a judgment favorable to a social security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid *in addition to* past-due benefits, § 406(b) fees are paid *out of* the past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933–34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award

---

[1] Plaintiff had entered into a contingency fee arrangement with Mr. Martone wherein she agreed that he would receive twenty-five percent of any past due benefits received from the agency in the event of a favorable agency decision. (Doc. 27-3 at 1).

to the claimant. *Id.* at 934.  The court may award fees under § 406(b) when "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits."  *McGraw v. Barnhart,* 450 F.3d 493, 496 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25% of the past-due benefits.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25% of past-due benefits because there is no presumption that 25% is reasonable.  *Id.* at 807, 807 n.17.  Counsel has the burden of demonstrating the reasonableness of the fees.  *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved."  *Id.* at 808.  Factors relevant to the reasonableness of the fee request include i) whether the attorney's representation was substandard; ii) whether the attorney was responsible for any delay in the resolution of the case; and iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.*  A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases.  *Id.*  The statute does not specify a deadline for requesting fees.  *See* 42 U.S.C. § 406(b).  The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits."  *McGraw,* 450 F.3d at 505.

In this case, the Court finds that Mr. Martone's representation of Plaintiff was more than adequate; he obtained a fully favorable decision for Plaintiff. Mr. Martone did not delay the proceedings before this Court in any way. The instant motion was filed within three months of Plaintiff receiving notice that she was entitled to past-due benefits, which the Court finds to be reasonable. Additionally, the requested fee is not disproportionately large in comparison to the amount of time spent on the case. Mr. Martone spent 21.8 hours on Plaintiff's case and awarding Mr. Martone the requested $10,015.00 would result in an hourly fee of $500.00 per hour. The Court notes that this fee award is within the range of other fees awards authorized in this District under § 406(b). *See, e.g.*, Marquez v. Astrue, Civ. 10-1165 CG (Doc. 30) (awarding $10,015 for 18.9 hours, or $529.00 per hour); *Dimas v. Astrue*, Civ. 03-1157 RHS (Doc. 34) (awarding $17,000 for 38.26 hours, or $ 444.33 per hour); *Ferguson v. Barnhart*, Civ. 02-823 KBM (Doc. 29) (awarding $ 7,000 for 13.55 hours, or $ 516.60 per hour).

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for an Order Authorizing Attorney Fees, with Supporting Memorandum* be **GRANTED**. Mr. Martone is awarded $10,900.00 for legal services rendered before this Court

**IT IS FURTHER ORDERED** that Mr. Martone shall refund to Plaintiff the $3,989.70 awarded under EAJA.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE